## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **KENDALE J. BRINSON** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.** |
| **v.** ) | FILED: APRIL 28, 2008 |
| ) | 08CV2420           TG |
| **VERLISHER SYAS, Chicago Police Officer** ) | Judge JUDGE NORGLE |
| **C. BLAYDES (Star # 4905), GENE ALEXANDER,** ) | MAGISTRATE JUDGE SCHENKIER |
| **TERRENCE WILLIAMS, ROBERT PET,** ) | |
| **Illinois State Police Officer PATTON (Star # 17486)** ) | **Magistrate Judge** |
| **MARTHA DICARO, THOMAS DART, as Sheriff of** ) | |
| **Cook County, Illinois, COOK COUNTY, ILLINOIS,** ) | |
| **and CITY OF CHICAGO,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants.** ) | |

### CIVIL RIGHTS COMPLAINT

Plaintiff KENDALE J. BRINSON, by and through his attorneys, Irene K. Dymkar and

James L. Bowers, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United

States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) , to redress deprivations of the

civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.

Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

3.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because a defendant or defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4.      At all times herein mentioned, plaintiff was and is a citizen of the United States, and resides within the jurisdiction of this court.

5.      At all times herein mentioned, defendants VERLISHER SYAS (hereinafter SYAS), C. BLAYDES (Star # 4905) (hereinafter BLADYS), GENE ALEXANDER (hereinafter ALEXANDER), and TERRENCE WILLIAMS (hereinafter WILLIAMS) were officers with the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago.  They are being sued in their individual capacity.

6.      At all times herein mentioned, defendant ROBERT PET (hereinafter PET) was an officer and Central Warrants LEADS Coordinator with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago.  He is being sued in his individual capacity.

7.      At all times herein mentioned, defendant PATTON (Star # 17486) was an officer with the Illinois State Police and was acting under color of state law and as the employee or agent of the Illinois State Police.  He is being sued in his individual capacity.

8.      Defendant THOMAS DART (hereinafter DART) is currently Sheriff of Cook County, Illinois, and he is being sued in his official capacity.

9.      At all times herein mentioned, defendant MARTHA DICARO (hereinafter DICARO) was the LEADS Agency Coordinator for and an employee of the Sheriff of Cook County and was

acting under color of state law and as an employee or agent of the Sheriff of Cook County, Illinois. She is being sued in her individual capacity.

10.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

11.     Defendant COOK COUNTY, ILLINOIS (hereinafter COOK COUNTY) is a governmental corporation, duly organized under the laws of the State of Illinois.  Defendant COOK COUNTY maintained, managed, operated, or is responsible for the Sheriff of Cook County, Illinois.  COOK COUNTY is an indispensable party in this action.

## FACTS

12.     On April 29, 2006, at approximately 4:00 PM, plaintiff KENDALE J. BRINSON was lawfully operating  a vehicle on a public road, near West 47th Street and South Ashland in Chicago, Illinois, and was engaged in lawful conduct.

13.     Plaintiff KENDALE J. BRINSON has had a long military career, has top secret military clearance, and currently works for the United States Postal Service.  He had no criminal record on April 29, 2006, and has none today.

14.     On the aforesaid date and time, three Chicago Police officers, believed to be defendants SYAS, BLAYDES, and either ALEXANDER or WILLIAMS, stopped plaintiff and his vehicle without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.  Defendants gave no reason for the stop and issued no traffic tickets.

15.     At the time of the aforesaid stop, the Chicago Police officer defendants performed a search of plaintiff's vehicle without a warrant, without probable cause, and without plaintiff's consent.  At that time, defendants proceeded to handcuff plaintiff.

16.    Defendant Chicago Police Department officers detained plaintiff and after a check, informed plaintiff that they were arresting him on a ten-year-old 1996 misdemeanor arrest warrant for "Jerry Talley."   Defendants did not have an actual arrest warrant or copy thereof in their possession, but were unreasonably using sketchy, incorrect, and clearly deficient information contained in a computer data system or systems to assume that plaintiff KENDALE J. BRINSON and "Jerry Talley" were the same person.

17.    The computer data system being used by the defendant Chicago Police officers was managed, maintained, validated, and/or supervised by individual defendants PET, DART, and DICARO and by defendants COOK COUNTY and CITY OF CHICAGO.

18.    The underlying warrant did not contain or reference the name of plaintiff KENDALE J. BRINSON.  Said warrant named the individual being sought as "Jerry Talley," listed his residence as 6650 N. Damen, Chicago, IL 60626, with a date of birth of May 20, 1963.  The warrant further described "Jerry Talley" as being of undetermined race, 5' 9" in height, and weighing 160 lbs.

19.    Plaintiff KENDALE J. BRINSON is African American, 6' 5" in height, and weighs 198 lbs.  Plaintiff repeatedly insisted that he was not "Jerry Talley."  Plaintiff produced his United States Army Reserve identification, his driver's license, his insurance card, and his United States Postal Service identification, all confirming that his name is KENDALE J. BRINSON, that he lived at 7121 34th Street, Berwyn, IL 60402, that his birthdate is July 9, 1966, and that his physical description did not even closely resemble that of "Jerry Talley."

20.    Plaintiff explained to the defendant officers that he had previously, on four to five occasions,  been erroneously stopped or detained by officers employed by the Chicago Police

4

Department, as well as other law enforcement agencies, on the basis of a warrant for "Jerry Talley."

Plaintiff had previously been fingerprinted by police agencies, including the Chicago Police

Department, both to establish his identity and to prevent repeated false arrests.

21.     Defendant Chicago Police Department officers argued about the huge discrepancy in

description and debated whether to arrest plaintiff.  The defendants ultimately decided to arrest

plaintiff, despite having access to conclusive photographic evidence that plaintiff was not "Jerry

Talley."  Defendants WILLIAMS and PATTON subsequently approved the arrest and/or detention of

plaintiff.

22.     Defendant Chicago Police Department officers took plaintiff to a Chicago Police

station, located at 5101 S. Wentworth, Chicago, Illinois.  Plaintiff was fingerprinted and processed

within an hour.  However, he was not released from custody.  Throughout his processing and custody,

Plaintiff continued to insist that he was not "Jerry Talley" and that he had been wrongly arrested.

23.     Throughout the evening and night of April 29, 2006, plaintiff was locked in a small

cell, was deprived of food, was provided with no bedding materials, and was forced to attempt to

sleep on a small metal rack.

24.     The next morning, on April 30, 2006, between 5:00 AM and 6:00 AM, plaintiff  was

handcuffed and transported to the Cook County Jail, where he was again processed.  Plaintiff

continued his insistence that he was not "Jerry Talley."  The Cook County Sheriff Department

employees acknowledged that it was obvious that plaintiff was the wrong person.  However, plaintiff

was still not released from custody.

25.     At approximately noon on April 30, 2008, plaintiff was placed in front of a video

device.  An individual who appeared to be a  judge pronounced some charges and set bail at

5

$10,000.00, but neither the judge nor the Cook County Sheriff Department employees would allow plaintiff to speak or protest that he was not "Jerry Talley" and was being wrongfully detained. No Chicago Police officer, Illinois State Police officer, or Sheriff's employee ever told a judge or gave plaintiff access to a judge to argue and prove that he was not "Jerry Talley."

26.    At some point after the video appearance, plaintiff was told he could make a phone call at a pay phone, but because plaintiff did not have any change, he could not make any call to obtain outside assistance. Eventually, plaintiff was able to contact a relative to post his bond.

27.    On April 30, 2006, at approximately 8:00 PM to 9:00 PM, plaintiff was released from custody, after spending in excess of 28 hours in wrongful detention.

28.    After his release from custody, plaintiff appeared in court on several occasions. Finally, on or about June 14, 2006, the arrest warrant for "Jerry Talley" was ordered to be quashed and recalled and plaintiff's bond money was returned. At no time were any charges ever filed against the plaintiff in this case.

29.    By reason of the above-described acts and omissions of the defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

30.    The aforementioned acts of the defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

31.    Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof,

6

plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.


## COUNT I
### Unconstitutional Stop Claim against Individual Defendants

32.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

33.     The stop of plaintiff and his vehicle by defendants on April 29, 2006, was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause and was unreasonable.

34.     By reason of the conduct of defendants, as set forth above, plaintiff KENDALE J. BRINSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.


## COUNT II
### False Arrest Claim Against Individual Defendants

35.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

36.     The arrest and detention of plaintiff was without probable cause and unreasonable.

37.     By reason of the conduct of defendants, as set forth above, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT III**
**Unconstitutional Search Claim Against Individual Defendants**

38.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

39.    The search of plaintiff's vehicle, as set forth above, was performed without a warrant, without legal cause, and without plaintiff's consent.

40.    By reason of the conduct of defendants, as set forth above, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Illegal Detention Claim Against Individual Defendants**

41.    Plaintiff KENDALE J. BRINSON hereby realleges realleges paragraphs 1 – 31, as if set forth herein in their entirety.

42.    Plaintiff was in police custody for in excess of 28 hours, without probable cause and without ever having been permitted to speak to a judge.  This delay in and of itself constitutes a violation of plaintiff's right to be free from unreasonable seizures.

43.    By reason of the conduct of the individual defendants, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
## <u>Due Process Claim Against Individual Defendants</u>

44.     Plaintiff KENDALE J. BRINSON hereby reallege paragraphs 1 -31, as if set forth herein in their entirety.

45.     The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, submitting false police reports, submitting a falsely sworn intrastate hold affidavit to the court, failing to purge stale warrants from all computer data bases, failing to correct or revise computer data bases to prevent repeated unlawful stops, arrests and detentions of plaintiff herein, and otherwise acting to deny plaintiff fair legal proceedings.

46.     These acts were directed toward plaintiff, were intentional and material, and were in violation of plaintiff's right to due process**.**

47.     By reason of the conduct of the individual defendants, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VI
## <u>Monell Inadequate Policy Claim Against Defendants, DART, officially, COOK COUNTY and CITY OF CHICAGO</u>

48.     Plaintiff KENDALE J. BRINSON  hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

49.     Defendants DART, as Sheriff of Cook County, Illinois, COOK COUNTY and CITY OF CHICAGO are responsible for establishing, maintaining, validating, auditing, processing,

9

reporting, relaying, purging and correcting information contained in certain computer databases used by all law enforcement agencies in the State of Illinois with respect to outstanding warrants for the arrest of citizens of this State.

50.    Defendant DART, as Sheriff of Cook County, Illinois, COOK COUNTY, and CITY OF CHICAGO, have express official policies and/or practices so permanent and well-settled as to constitute a custom or usage with the force of law which are deliberately indifferent to their duty to adequately and timely maintain and revise warrant computer database systems so as to prevent the arrest and detention of persons on warrants that are invalid and/or incorrect; to adequately design warrant computer database systems that allow for modification of entry data with respect to aliases, in order to protect individuals wrongfully and repeatedly arrested or detained based on incomplete data maintained in said systems; and to have proper validation, auditing and modification procedures for all warrant computer databases.

51.    The 1996 misdemeanor warrant for the arrest of "Jerry Talley" was still on the Sheriff of Cook County, COOK COUNTY, and CITY OF CHICAGO computer databases used by the Defendant officers of the Chicago Police Department  on April 29, 2006, to arrest and detain the plaintiff herein, and, despite the numerous previous detentions of plaintiff as a result of said warrant, and despite defendants' knowledge of the incomplete and inaccurate information contained in the computer databases with respect to that warrant, the computer databases maintained by said defendants had never been purged, corrected, revised or modified in any respect.

52.    The insults and injuries to plaintiff of April 29, 2006, would not have occurred if defendants' respective express policies or custom and usage did not exist , and said policies and customs were a proximate cause of the injuries to plaintiff.

10

53.    By reason of the conduct of defendants DART, officially, COOK COUNTY, and CITY OF CHICAGO, plaintiff was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT VII
### Monell Failure to Train or Supervise Claim Against Defendants DART, officially, COOK COUNTY and CITY OF CHICAGO

54.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

55.    Defendant DART, as Sheriff of Cook County, Illinois, COOK COUNTY, and CITY OF CHICAGO, at all times relevant hereto, had a policy or custom of inadequate training or supervision of employees amounting to deliberate indifference to the rights of citizens pertaining to outstanding arrest warrants.

56.    The insults and injuries of April 29, 2006, would not have occurred if defendants' respective express policies or custom and usage did not exist.

57.    Plaintiff's injuries would not have occurred if defendants' employees had been adequately and properly trained to submit information for inclusion in defendants' warrant computer databases whenever wrongful stops, arrests or detentions occurred as a result of inaccurate or incomplete information contained in said databases.

58.    By reason of the conduct of defendants DART, officially, COOK COUNTY, and CITY OF CHICAGO, plaintiff was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C.§1983.

11

WHEREFORE, plaintiff KENDALE J. BRINSON, by and through his attorneys, Irene K. Dymkar and James L. Bowers, requests judgment as follows against the defendants on each and every claim:

        A.      That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

        B.      That defendants be required to pay plaintiff special damages,

        C.      That defendants be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

        D.      That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

        E.      That defendants be required to pay plaintiff costs of the suit herein incurred, and

        F.      That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**.


Dated: April 28, 2008               /s    Irene K. Dymkar
                                          Irene K. Dymkar

Plaintiff's Attorneys
Irene K. Dymkar
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-0123

James L. Bowers
631 N. Central Avenue
Chicago, IL 60644
(773) 379-9262


12