### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KENDALE J. BRINSON | ) |
| | )    Case No. 08 C 2420 |
|             Plaintiff, | ) |
|    v. | ) |
| | )    Judge Charles R. Norgle |
| VERLISHER SYAS, Chicago Police Officer | ) |
| C. BLAYDES (Star # 4905), TANYA PATTON, | ) |
| GENE ALEXANDER, TERRENCE WILLIAMS, | )    Magistrate Judge Schenkier |
| ROBERT PET, MARTHA DICARO, | ) |
| THOMAS DART, as Sheriff of Cook County, Illinois, | ) |
| COOK COUNTY, ILLINOIS, and CITY OF | ) |
| CHICAGO, | ) |
|             Defendants. | ) |

### DEFENDANT MARTHA DICARO AND THOMAS DART'S ANSWER TO THE FIRST AMENDED CIVIL RIGHTS COMPLAINT

Defendants Thomas Dart and Martha DiCaro, by and through their attorney,

Richard A. Devine, State's Attorney of Cook County, by his Assistant State's Attorney,

Daniel J. Fahlgren, answer the First Amended Complaint as follows:

### NATURE OF CLAIM

1.       This action arises under the United States Constitution and the laws of the

United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress

deprivations of the civil rights of plaintiff through acts and/or omissions of defendants

committed under color of law. Specifically here, defendants deprived plaintiff of his rights

under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

      ANSWER:      Defendants admit that Plaintiff sues under 42 U.S.C. § 1983. Defendants

deny that defendants denied Plaintiff any of his constitutional rights.

### JURISDICTION AND VENUE

2.       Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

      ANSWER:      Defendants admit the averments in this paragraph.

3.       Venue lies in the United States District Court, Northern District of Illinois,

pursuant to 28 U.S.C. § 1391, because a defendant or defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

ANSWER:    Defendants admit the averments in this paragraph.

## PARTIES

4.    At all times herein mentioned, plaintiff was and is a citizen of the United States, and resides within the jurisdiction of this court.

ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of this paragraph.

5.    At all times herein mentioned, defendants VERLISHER SYAS (hereinafter SYAS), C. BLAYDES (Star # 4905) (hereinafter BLAYDES), TANYA PATTON (Star # 17486) (hereinafter PATTON), and GENE ALEXANDER (hereinafter ALEXANDER) were officers with the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago. They are being sued in their individual capacity.

ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of this paragraph.

6.    At all times herein mentioned, defendant ROBERT PET (hereinafter PET) was an officer and Central Warrants LEADS Coordinator with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago. He is being sued in his individual capacity.

ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of this paragraph.

7.    At all times herein mentioned, defendant TERRENCE WILLIAMS (hereinafter WILLIAMS) was an officer with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago. He is being sued in his

individual capacity.

    ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of this paragraph.

    8.    Defendant THOMAS DART (hereinafter DART) is currently Sheriff of Cook County, Illinois, and he is being sued in his official capacity.

    ANSWER:    Defendants admit the averments in this paragraph.

    9.    At all times herein mentioned, defendant MARTHA DICARO (hereinafter DICARO) was the LEADS Agency Coordinator for and an employee of the Sheriff of Cook County and was acting under color of state law and as an employee or agent of the Sheriff of Cook County, Illinois. She is being sued in her individual capacity.

    ANSWER:    Defendants admit the averments in this paragraph.

    10.    Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

    ANSWER:    Defendants admit the averments in this paragraph.

    11.    Defendant COOK COUNTY, ILLINOIS (hereinafter COOK COUNTY) is a governmental corporation, duly organized under the laws of the State of Illinois. Defendant COOK COUNTY maintained, managed, operated, or is responsible for the Sheriff of Cook County, Illinois. COOK COUNTY is an indispensable party in this action.

    ANSWER:    Defendants deny the averments in this paragraph.

### FACTS

    12.    On April 29, 2006, at approximately 4:00 PM, plaintiff KENDALE J. BRTNSON was lawfully operating a vehicle on a public road, near West 47th Street and South Ashland in Chicago, Illinois, and was engaged in lawful conduct.

    ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of this paragraph.

3

13.    Plaintiff KENDALE J. BRiNSON has had a long military career, has top secret military clearance, and currently works for the United States Postal Service. He had no criminal record on April 29, 2006, and has none today.

ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of this paragraph.

14.    On the aforesaid date and time, three Chicago Police officers, believed to be defendants SYAS, BLAYDES, and either PATTON, ALEXANDER or WILLIAMS, stopped plaintiff and his vehicle without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause. Defendants gave no reason for the stop and issued no traffic tickets.

ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

16.    At the time of the aforesaid stop, the Chicago Police officer defendants performed a search of plaintiff s vehicle without a warrant, without probable cause, and without plaintiffs consent. At that time, defendants proceeded to handcuff plaintiff. Defendant Chicago Police Department officers detained plaintiff and after a check, informed plaintiff that they were arresting him on a ten-year-old 1996 misdemeanor arrest warrant for "Jerry Talley."   Defendants did not have an actual arrest warrant or copy thereof in their possession, but were unreasonably using sketchy, incorrect, and clearly deficient information contained in a computer data system or systems to assume that plaintiff KENDALE J. BRTNSON and "Jerry Talley" were the same person.

ANSWER:    Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

17.    The computer data system being used by the defendant Chicago Police officers was managed, maintained, validated, and/or supervised by individual defendants PET, DART, and DICARO and by defendants COOK COUNTY and CITY OF CHICAGO.

4

ANSWER:      Defendants deny the averments in this paragraph.

18.      The underlying warrant did not contain or reference the name of plaintiff KENDALE J. BRINSON. Said warrant named the individual being sought as "Jerry Talley," listed his residence as 6650 N. Damen, Chicago, 1L 60626, with a date of birth of May 20, 1963. The warrant further described "Jerry Talley" as being of undetermined race, 5' 9" in height, and weighing 160 1bs.

ANSWER:      Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

19.      Plaintiff KENDALE J. BRINSON is African American, 6' 5" in height, and weighs 198 Ibs. Plaintiff repeatedly insisted that he was not "Jerry Talley." Plaintiff produced his United States Army Reserve identification, his driver's license, his insurance card, and his United States Postal Service identification, all confirming that his name is KENDALE J. BRINSON, that he lived at 7121 34th Street, Berwyn, IL 60402, that his birthdate is July 9, 1966, and that his physical description did not even closely resemble that of "Jerry. Talley."

ANSWER:      Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

20.      Plaintiff explained to the defendant officers that he had previously, on four to five occasions, been erroneously stopped or detained by officers employed by the Chicago Department, as well as other law enforcement agencies, on the basis of a warrant for "Jerry Talley." Plaintiff had previously been fingerprinted by police agencies, including the Chicago Police Department, both to establish his identity and to prevent repeated false arrests.

ANSWER:      Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

21.      Defendant Chicago Police Department officers argued about the huge

discrepancy in description and debated whether to arrest plaintiff. The defendants ultimately

decided to arrest plaintiff, despite having access to conclusive photographic evidence that

plaintiff was not "Jerry Talley." On information and belief, defendant WILLIAMS

subsequently approved the arrest and/or detention of plaintiff.

> ANSWER:    Defendants are without sufficient information or knowledge with which to
>
> form a belief as to the truth of the averments in this paragraph.

22.    Defendant Chicago Police Department officers took plaintiff to a Chicago

Police station, located at 5101 S. Wentworth, Chicago, Illinois. Plaintiff was fingerprinted

and processed within an hour. However, he was not released from custody. Throughout his

processing and custody, Plaintiff continued to insist that he was not "Jerry Talley" and that he

had been wrongly arrested.

> ANSWER:    Defendants are without sufficient information or knowledge with which to
>
> form a belief as to the truth of the averments in this paragraph.

23.    Throughout the evening and night of April 29, 2006, plaintiff was locked in a

small cell, was deprived of food, was provided with no bedding materials, and was forced to

attempt to sleep on a small metal rack.

> ANSWER:    Defendants are without sufficient information or knowledge with which to
>
> form a belief as to the truth of the averments in this paragraph.

24.    The next morning, on April 30, 2006, between 5:00 AM and 6:00 AM, plaintiff

was handcuffed and transported to the Cook County Jail, where he was again processed.

Plaintiff continued his insistence that he was not "Jerry Talley." The Cook County Sheriff

Department employees acknowledged that it was obvious that plaintiff was the wrong person.

However, plaintiff was still not released from custody.

> ANSWER:    Defendants are without sufficient information or knowledge with which to
>
> form a belief as to the truth of the averments in this paragraph.

25.    At approximately noon on April 30, 2008, plaintiff was placed in front of a

video device. An individual who appeared to be a judge pronounced some charges and
set bail at $10,000.00, but neither the judge nor the Cook County Sheriff Department
employees would allow plaintiff to speak or protest rhat he was not "Jerry Talley" and
was being wrongfully detained. At that time, a falsely sworn intrastate hold affidavit
prepared by defendants BLAYDES and ALEXANDER was also filed with the court.

ANSWER:    Defendants deny that Plaintiff was presented before a Judge via
video for a bail bond hearing on April 30, 2008. Defendants admit that Plaintiff was
presented before a Judge via video for a bail bond hearing on April 30, 2006.
Defendants are without sufficient information to form a belief as to the truth of the
remaining averments in this paragraph.

26.    At some point after the video appearance, plaintiff was told he could make a
phone call at a pay phone, but because plaintiff did not have any change, he could not make
any call to obtain outside assistance. Eventually, plaintiff was able to contact a relative to
post his bond.

ANSWER:    Defendants admit that Plaintiff was allowed to use a telephone. Defendants
are without sufficient information or knowledge with which to form a belief as to the truth of
the averments in this paragraph.

27.    On April 30, 2006, at approximately 8:00 PM to 9:00 PM, plaintiff was released
from custody, after spending in excess of 28 hours in wrongful detention.

ANSWER:    Defendants admit that Plaintiff was released from Cook County Jail the same
day he arrived. Defendants are without sufficient information or knowledge with which to
form a belief as to the truth of the remaining averments in this paragraph.

28.    After his release from custody, plaintiff appeared in court on several occasions.
Finally, on or about June 14, 2006, the arrest warrant for "Jerry Talley" was ordered to be
quashed and recalled and plaintiffs bond money was returned. At no time were any charges
ever filed against the plaintiff in this case.

ANSWER:    Defendants are without sufficient information or knowledge with which to

form a belief as to the truth of the averments in this paragraph.

29.    By reason of the above-described acts and omissions of the defendants,

plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and

emotional pain and suffering, all to his damage.

ANSWER:    Defendants deny the averments in this paragraph.

30.    The aforementioned acts of the defendants were willful, wanton, malicious,

oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs

rights and justify the awarding of exemplary and punitive damages.

ANSWER:    Defendants deny the averments in this paragraph.

31.    Because of the above-described acts and omissions of the individual defendants,

plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to

him in the within action, so that he might vindicate the loss and impairment of his rights. By

reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum

for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other

provision set by law.

ANSWER:    Defendants deny the averments in this paragraph.


## COUNT I
**Unconstitutional Stop Claim against Individual Defendants**

32.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set

forth herein in their entirety.

ANSWER:    Defendants reassert their answers to paragraphs 1 - 31, as if set forth

herein in their entirety.

33.    The stop of plaintiff and his vehicle by defendants on April 29, 2006, was

without reasonable suspicion that plaintiff was involved in any criminal activity and without

any other legal cause and was unreasonable.

> ANSWER:     Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

34.     By reason of the conduct of defendants, as set forth above, plaintiff KENDALE J. BRINSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

> ANSWER:     Defendants deny the averments in this paragraph.

### COUNT II False Arrest Claim Against Individual Defendants

35.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

> ANSWER:     Defendants reassert their answers to paragraphs 1 - 31, as if set forth herein in their entirety.

36.     The arrest and detention of plaintiff was without probable cause and unreasonable.

> ANSWER:     Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the averments in this paragraph.

37.     By reason of the conduct of defendants, as set forth above, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

> ANSWER:     Defendants deny the averments in this paragraph.

### COUNT III
### Unconstitutional Search Claim Against Individual Defendants

38.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set

forth herein in their entirety.

> ANSWER:    Defendants reassert their answers to paragraphs 1 - 31, as if set forth herein in
>
> their entirety.

39.    The search of plaintiff s vehicle, as set forth above, was performed without a

warrant, without legal cause, and without plaintiffs consent.

> ANSWER:    Defendants are without sufficient information or knowledge with which to
>
> form a belief as to the truth of the averments in this paragraph.

40.    By reason of the conduct of defendants, as set forth above, plaintiff KENDALE

J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth

and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

> ANSWER:    Defendants deny the averments in this paragraph.

## COUNT IV Illegal Detention Claim Against Individual Defendants

41.    Plaintiff KENDALE J. BRINSON hereby realleges realleges paragraphs 1 - 31,

as if set forth herein in their entirety.

> ANSWER:    Defendants reassert their answers to paragraphs 1 - 31, as if set forth herein
>
> in their entirety.

42.    Plaintiff was in police custody for in excess of 28 hours, without probable cause

and without ever having been permitted to speak to a judge. This delay in and of itself

constitutes a violation of plaintiff s right to be free from unreasonable seizures.

> ANSWER:    Defendants deny the averments in this paragraph as they relate to Thomas J.
>
> Dart and Martha DiCaro. Defendants are without sufficient information or knowledge with
>
> which to form a belief as to the truth of the averments in this paragraph.

43.    By reason of the conduct of the individual defendants, plaintiff KENDALE J.

BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth

and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder. Therefore, the individual defendants and each of them is liable to plaintiff

pursuant to 42 U.S.C. §1983.

> ANSWER:    Defendants deny the averments in this paragraph.

## COUNT V Due Process Claim Against Individual Defendants

44.    Plaintiff KENDALE J. BRINSON hereby reallege paragraphs 1 -31, as if set

forth herein in their entirety.

> ANSWER:    Defendants reassert their answers to paragraphs 1 - 31, as if set forth
>
> herein in their entirety.

45.    The individual defendants deprived plaintiff of fair criminal proceedings by

engaging in multiple acts which include, but are not limited to, submitting false police reports,

submitting a falsely sworn intrastate hold affidavit to the court, failing to purge stale warrants

from all computer data bases, failing to correct or revise computer data bases to prevent repeated

unlawful stops, arrests and detentions of plaintiff herein, and otherwise acting to deny plaintiff

fair legal proceedings.

> ANSWER:    Defendants deny the averments in this paragraph.

46.    These acts were directed toward plaintiff, were intentional and material, and were in

violation of plaintiffs right to due process.

> ANSWER:    Defendants deny the averments in this paragraph.

47.    By reason of the conduct of the individual defendants, plaintiff KENDALE J.

BRINSON was deprived of rights, privileges and immunities secured to him by the due process

clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws

enacted thereunder. Therefore the individual defendants and each of them is liable to plaintiff

pursuant to 42 U.S.C. § 1983.

ANSWER:     Defendants deny the averments in this paragraph.


**COUNT VI**
**Monell Inadequate Policy Claim Against Defendants, DART, officially,**
**COOK COUNTY and CITY OF CHICAGO**

48.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth

herein in their entirety.

ANSWER:     Defendants reassert their answers to paragraphs 1 - 31, as if set forth herein in

their entirety.

49.     Defendants DART, as Sheriff of Cook County, Illinois, COOK COUNTY and

CITY OF CHICAGO are responsible for establishing, maintaining, validating, auditing,

processing, reporting, relaying, purging and correcting information contained in certain

computer databases used by all law enforcement agencies in the State of Illinois with respect

to outstanding warrants for the arrest of citizens of this State.

ANSWER:     Defendants deny the averments in this paragraph.

50.     Defendant DART, as Sheriff of Cook County, Illinois, COOK COUNTY, and

CITY OF CHICAGO, have express official policies and/or practices so permanent and

well-settled as to constitute a custom or usage with the force of law which are deliberately

indifferent to their duty to adequately and timely maintain and revise warrant computer

database systems so as to prevent the arrest and detention of persons on warrants that are

invalid and/or incorrect; to adequately design warrant computer database systems that allow

for modification of entry data with respect to aliases, in order to protect individuals

wrongfully and repeatedly arrested or detained based on incomplete data maintained in said

systems; and to have proper validation, auditing and modification procedures for all warrant

computer databases.

     ANSWER:     Defendants deny the averments in this paragraph.

51.     The 1996 misdemeanor warrant for the arrest of "Jerry Talley" was still on the

Sheriff of Cook County, COOK COUNTY, and CITY OF CHICAGO computer databases

used by the Defendant officers of the Chicago Police Department on April 29, 2006, to

arrest and detain the plaintiff herein, and, despite the numerous previous detentions of

plaintiff as a result of said warrant, and despite defendants' knowledge of the incomplete and

inaccurate information contained in the computer databases with respect to that warrant, the

computer databases maintained by said defendants had never been purged, corrected, revised

or modified in any respect.

     ANSWER:     Defendants deny the averments in this paragraph.

52.     The insults and injuries to plaintiff of April 29, 2006, would not have

occurred if defendants' respective express policies or custom and usage did not exist,

and said policies and customs were a proximate cause of the injuries to plaintiff.

     ANSWER:     Defendants deny the averments in this paragraph.

53.     By reason of the conduct of defendants DART, officially, COOK COUNTY, and

CITY OF CHICAGO, plaintiff was deprived of rights, privileges and immunities secured to him

by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws

enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C.

§1983.

     ANSWER:     Defendants deny the averments in this paragraph.

## COUNT VII

### Monell Failure to Train or Supervise Claim Against Defendants DART, officially, COOK COUNTY and CITY OF CHICAGO

54.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth

herein in their entirety.

    ANSWER:     Defendants reassert their answers to paragraphs 1 - 31, as if set forth herein in their entirety.

    55.     Defendant DART, as Sheriff of Cook County, Illinois, COOK COUNTY, and.CITY OF CHICAGO, at all times relevant hereto, had a policy or custom of inadequate training or supervision of employees amounting to deliberate indifference to the rights of citizens pertaining to outstanding arrest warrants.

    ANSWER:     Defendants deny the averments in this paragraph.

    56.     The insults and injuries of April 29, 2006, would not have occurred if defendants' respective express policies or custom and usage did not exist.

    ANSWER:     Defendants deny the averments in this paragraph.

    57.     Plaintiffs injuries would not have occurred if defendants' employees had been adequately and properly trained to submit information for inclusion in defendants' warrant computer databases whenever wrongful stops, arrests or detentions occurred as a result of inaccurate or incomplete information contained in said databases.

    ANSWER:     Defendants deny the averments in this paragraph.

    58.     By reason of the conduct of defendants DART, officially, COOK COUNTY, and CITY OF CHICAGO, plaintiff was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C.§1983.

    ANSWER:     Defendants deny the averments in this paragraph.

## AFFIRMATIVE DEFENSES

    1.     The Sheriff of Cook County  and his employees were carrying out the orders of a judge of the Circuit Court of Cook County, and therefore are entitled to absolute quasi-judicial immunity from Plaintiff's claims.

2.    The Sheriff of Cook County and his employees were acting as an arm of the

State of Illinois in detaining Plaintiff, and therefore defendant is entitled to immunity pursuant

to the Eleventh Amendment to the U. S. Constitution.

**JURY DEMAND**

Defendants demand trial by jury.


Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: _____s/Daniel J. Fahlgren_____
Daniel J. Fahlgren
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3304
6201163