**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENDALE J. BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 2420 |
| | ) | |
| v. | ) | |
| | ) | Judge Norgle |
| VERLISHER SYAS, et al., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

**DEFENDANTS' JOINT ANSWER, DEFENSES, AND**
**JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants City of Chicago (the "City"), Verlisher Syas, C. Blaydes, Tanya Patton, Gene

Alexander, Terence Williams and Robert Pet, by and through one of their attorneys, Helen C.

Gibbons, Assistant Corporation Counsel of the City of Chicago, respectfully submit the

following joint answer, defenses and jury demand to plaintiff's First Amended Complaint:[1]

**NATURE OF CLAIM**

1.      This action arises under the United States Constitution and the laws of the United
States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of
the civil rights of plaintiff through acts and/or omissions of defendants committed under color of
law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit that plaintiff purports to bring this action under the

United States Constitution and the laws of the United States, specifically the Civil Rights Act of

1871 (42 U.S.C § 1983), as well as the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution.  Defendants deny the remaining allegations in this paragraph.

---

[1]Defendants the City, Verlisher Syas, C. Blaydes, Tanya Patton, Gene Alexander and
Robert Pet answer only for themselves.  They do not answer for any other defendant.

## JURISDICTION AND VENUE

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:**    Defendants admit the allegations in this paragraph.


3.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because a defendant or defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**ANSWER:**    Defendants admit that venue is proper.  Defendants deny any wrongful or

illegal conduct.

## PARTIES

4.      At all times herein mentioned, plaintiff was and is a citizen of the United States, and resides within the jurisdiction of this court.

**ANSWER:**    Defendants admit, on information and belief, the allegations in this

paragraph.


5.      At all times herein mentioned, defendants VERLISHER SYAS (hereinafter SYAS), C. BLAYDES (Star #4905) (hereinafter BLAYDES), TANYA PATTON (Star #17486) (hereinafter PATTON), and GENE ALEXANDER (hereinafter ALEXANDER) were officers with the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago.  They are being sued in their individual capacity.

**ANSWER:**    Defendants admit, that at all times herein mentioned, defendants Syas,

Blaydes, Patton, and Alexander were Officers with the Chicago Police Department and were

acting under color of state law and as the employees or agents of the City of Chicago and admit

that plaintiff purports to sue the individual defendants in their individual capacity.  Defendants

deny any wrongful or illegal conduct.

2

6.    At all times herein mentioned, defendant ROBERT PET (hereinafter PET) was an officer and Central Warrants LEADS Coordinator with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago.  He is being sued in his individual capacity.

**ANSWER:**    Defendants the City and Pet admit, at all times herein mentioned, that defendant Pet was a Sergeant and LEADS Coordinator with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago and that plaintiff purports to sue Robert Pet in his individual capacity.  Defendants the City and Pet deny any wrongful or illegal conduct.  Defendants the City and Pet deny the remaining allegations in this paragraph.  Defendants Syas, Blaydes, Patton,  Alexander, and Williams admit, on information and belief, the allegations in this paragraph.

7.    At all times herein mentioned, defendant TERRENCE WILLIAMS (hereinafter WILLIAMS) was an officer with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago.  He is being sued in his individual capacity.

**ANSWER:**    Defendants the City and Williams admit, at all time herein mentioned, that defendant Terence Williams was an officer with the Chicago Police Department and was acting under color of state law and as an employee or agent of the City of Chicago and admit that plaintiff purports to sue Terrence Williams in his individual capacity.  Defendants the City and Williams deny any wrongful or illegal conduct.  Defendants Syas, Blaydes, Patton, Alexander, and Williams admit, on information and belief, the allegations in this paragraph.

8.    Defendant THOMAS DART (hereinafter DART) is currently Sheriff of Cook County, Illinois, and he is being sued in his official capacity.

**ANSWER:**     Defendants admit, upon information and belief, that defendant Dart is currently Sheriff of Cook County, Illinois, and that plaintiff purports to sue him in his official capacity.

9.     At all times herein mentioned, defendant MARTHA DICARO (hereinafter DICARO) was the LEADS Agency Coordinator for and an employee of the Sheriff of Cook County and was acting under color of state law and as an employee or agent of the Sheriff of Cook County, Illinois.  She is being sued in her individual capacity.

**ANSWER:**     Defendants the City and Pet admit, upon information and belief, that defendant Dicaro, at all time herein mentioned, was an employee of the Sheriff of Cook County and that plaintiff purports to sue defendant Dicaro in her individual capacity.  Defendants the City and Pet, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.  Defendants Syas, Blaydes, Patton, Alexander, and Williams are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

11.     Defendant COOK COUNTY, ILLINOIS (hereinafter COOK COUNTY) is a governmental corporation, duly organized under the laws of the State of Illinois.  Defendant COOK COUNTY maintained, managed, operated, or is responsible for the Sheriff of Cook County, Illinois.  COOK COUNTY is an indispensable party in this action.

**ANSWER:**     Defendants admit, upon information and belief, that defendant Cook

4

County, Illinois is a governmental corporation, duly organized under the laws of the State of

Illinois.  Defendants further admit, upon information and belief, that defendant Cook County

maintained, managed, operated, or is responsible for the Sheriff of Cook County, Illinois.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.


### FACTS

12.    On April 29, 2006, at approximately 4:00 PM, plaintiff KENDALE J. BRINSON
was lawfully operating a vehicle on a public road, near West 47th Street and South Ashland in
Chicago, Illinois, and was engaged in lawful conduct.

**ANSWER:**    Defendants the City, Syas, and Blaydes admit that on April 29, 2006,

plaintiff Kendale J. Brinson was operating a vehicle near West 47th Street and South Ashland in

Chicago, Illinois.  Defendants the City, Syas, and Blaydes are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

Defendants Patton, Alexander, Williams, and Pet are without knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph.


13.    Plaintiff KENDALE J. BRINSON has had a long military career, has top secret
military clearance, and currently works for the United States Postal Service.  He had no criminal
record on April 29, 2006, and has none today.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.


14.    On the aforesaid date and time, three Chicago Police officers, believed to be

defendants SYAS, BLAYDES, and either PATTON, ALEXANDER or WILLIAMS, stopped plaintiff and his vehicle without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause. Defendants gave no reason for the stop and issued no traffic tickets.

**ANSWER:**    Defendants the City, Syas, and Blaydes admit, that on April 29, 2006, Syas and Blaydes stopped plaintiff and his vehicle. Defendants the City, Syas, and Blaydes further admit that no traffic tickets were issued. Defendants the City, Syas, and Blaydes deny the remaining allegations in this paragraph. Defendants Patton, Alexander, Williams and Pet deny the allegations in this paragraph as they pertain to themselves. Defendants Patton, Alexander, Williams and Pet are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15.    At the time of the aforesaid stop, the Chicago Police officer defendants performed a search of plaintiff's vehicle without a warrant, without probable cause, and without plaintiff's consent. At that time, defendants proceeded to handcuff plaintiff.

**ANSWER:**    Defendants the City, Syas, and Blaydes admit there was a search of plaintiff's vehicle, that plaintiff was handcuffed, and that there was no warrant for the search. Defendants the City, Syas, and Blaydes deny the remaining allegations in this paragraph. Defendants Patton, Alexander, Williams and Pet deny the allegations in this as they pertain to themselves. Defendants Patton, Alexander, Williams and Pet are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16.    Defendant Chicago Police Department officers detained plaintiff and after a check, informed plaintiff that they were arresting him on a ten-year-old 1996 misdemeanor arrest

6

warrant for "Jerry Talley."  Defendants did not have an actual arrest warrant or copy thereof in their possession, but were unreasonably using sketchy, incorrect, and clearly deficient information contained in a computer data system or systems to assume that plaintiff KENDALE J. BRINSON and "Jerry Talley" were the same person.

**ANSWER:**     Defendants the City, Syas, and Blaydes admit:  plaintiff was arrested on an

arrest warrant for "Jerry Talley" which listed Kendall J. Brinson as an alias; the warrant was from

a January 27, 1997 misdemeanor arrest; they did not have the actual arrest warrant or copy

thereof in their possession.   Defendants the City, Syas, and Blaydes deny the remaining

allegations in this paragraph.  Defendants Patton, Alexander, Williams and Pet deny the

allegations in this paragraph as they pertain to themselves.   Defendants Patton, Alexander,

Williams and Pet are without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in this paragraph.


17.     The computer data system being used by the defendant Chicago Police officers was managed, maintained, validated, and/or supervised by individual defendants PET, DART, and DICARO and by defendants COOK COUNTY and CITY OF CHICAGO.

**ANSWER:**     Defendants the City and Pet, deny the computer data system being used by

the defendant Chicago Police officers was managed, maintained, validated, and/or supervised by

the City and Pet.  Defendants the City and Pet, are without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in this paragraph.  Defendants Syas,

Blaydes, Patton, Alexander, and Williams are without knowledge or information sufficient to

form a belief as to the truth of the allegations in this paragraph.


18.     The underlying warrant did not contain or reference the name of plaintiff KENDALE J. BRINSON.  Said warrant named the individual being sought as "Jerry Talley,"

listed his residence as 6650 N. Damen, Chicago, IL 60626, with a date of birth of May 20, 1963. The warrant further described "Jerry Talley" as being of undetermined race, 5'9" in height, and weighing 160 lbs.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph as to what the underlying warrant stated.

Defendants admit that the warrant information contained in the computer system listed the

individual being sought as "Talley, Jerry", "DOB/052063", "RAC/B", "HGT/509", "WGT/160",

"AKA/BRINSON, KENDALE J."


19.    Plaintiff KENDALE J. BRINSON is African American, 6'5" in height, and weighs 198 lbs.  Plaintiff repeatedly insisted that he was not "Jerry Talley."  Plaintiff produced his United States Army Reserve identification, his driver's license, his insurance card, and his United States Postal Service identification, all confirming that his name is KENDALE J. BRINSON, that he lived at 7121 34th Street, Berwyn, IL 60402, that his birth date is July 9, 1966, and that his physical description did not even closely resemble that of "Jerry Talley."

**ANSWER:**    Defendants the City, Syas, Blaydes, Alexander, Williams, and Pet admit,

upon information and belief, based on Chicago Police Department Records, that plaintiff is 6' 5"

in height and that he is an African American male.  Defendants the City, Syas, and Blaydes, deny

plaintiff produced is United States Army Reserve identification and his driver's license, and that

his physical description did not even closely resemble that of "Jerry Talley".  Defendants the

City, Syas, and Blaydes, Alexander, Williams, and Pet are without knowledge or information

sufficient to form a belief as to the truth remaining allegations in this paragraph.  Defendant

Patton is without knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph.

20.     Plaintiff explained to the defendant officers that he had previously, on four to five occasions, been erroneously stopped or detained by officers employed by the Chicago Police Department, as well as other law enforcement agencies, on the basis of a warrant for "Jerry Talley." Plaintiff had previously been fingerprinted by police agencies, including the Chicago Police Department, both to establish his identity and to prevent repeated false arrests.

        **ANSWER:**     Defendants the City, Syas, and Blaydes admit plaintiff explained that he

had been previously stopped or detained on the basis of a warrant for "Jerry Talley ." Defendants

the City, Syas, and Blaydes deny the remaining allegations in this paragraph. Defendants Patton,

Alexander, Williams, and Pet deny the allegations in this paragraphs as they pertain to

themselves. Defendants Patton, Alexander, Williams and Pet are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.


21.     Defendant Chicago Police Department officers argued about the huge discrepancy in description and debated whether to arrest plaintiff. The defendants ultimately decided to arrest plaintiff, despite having access to conclusive photographic evidence that plaintiff was not "Jerry Talley." On information and belief, defendant WILLIAMS subsequently approved the arrest and/or detention of Plaintiff.

        **ANSWER:**     Defendants the City and Williams admit he approved probable cause for

the arrest of plaintiff. Defendants the City and Williams deny the remaining allegations in this

paragraph as they apply to Williams. Defendants the City and Williams are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph. Defendants Patton, Syas, Blaydes, Alexander and Pet admit, on information and

belief, that Williams approved probable cause for the arrest of plaintiff. Defendants Patton,

Syas, Blaydes, Alexander and Pet deny the remaining allegations as they apply to themselves.

Defendants Patton, Syas, Blaydes, Alexander and Pet are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22.    Defendant Chicago Police Department officers took plaintiff to a Chicago Police station, located at 5101 S. Wentworth, Chicago, Illinois.  Plaintiff was fingerprinted and processed within an hour.  However, he was not released from custody.  Throughout his processing and custody, Plaintiff continued to insist that he was not "Jerry Talley" and that he had been wrongly arrested.

**ANSWER:**    Defendants the City, Syas, and Blaydes admit Syas and Blaydes took

plaintiff to a Chicago Police Station, located at 5101 S. Wentworth, Chicago Illinois.  Defendants

the City, Syas, and Blaydes admit that plaintiff was fingerprinted and processed within an hour.

Defendants the City, Syas, and Blaydes are without knowledge or information sufficient to form

a belief as to the truth of when plaintiff was released from custody.    Defendants the City, Syas,

and Blaydes deny the remaining allegations in this paragraph.  Defendants Patton, Alexander,

Williams and Pet deny the allegations in this paragraph as they apply to themselves.  Defendants

Patton,  Alexander, Williams and Pet are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

23.    Throughout the evening and night of April 29, 2006, plaintiff was placed in a small cell, was deprived of food, was provided with no bedding materials, and was forced to attempt to sleep on a small metal rack.

**ANSWER:**    Defendants the City, Syas, Blaydes, Alexander and Williams admit, on

information and belief, plaintiff was placed in a cell with no bedding materials on April 29, 2006.

Defendants the City, Syas, Blaydes, Alexander and Williams are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.  Defendants Patton and Pet are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

24.     The next morning, on April 30, 2006, between 5:00 AM and 6:00 AM, plaintiff was handcuffed and transported to the Cook County Jail, where he was again processed.  Plaintiff continued his insistence that he was not "Jerry Talley."  The Cook County Sheriff Department employees acknowledged that it was obvious that plaintiff was the wrong person.  However, plaintiff was still not released from custody.

**ANSWER:**     Defendants the City, Syas, Blaydes, Alexander, Williams, and Pet admit,

on information and belief, that plaintiff was handcuffed and transported to Cook County Jail.

Defendants the City, Syas, Blaydes, Alexander, Williams, and Pet are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.  Defendant Patton is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

25.     At approximately noon on April 30, 2008, plaintiff was placed in front of a video device.  An individual who appeared to be a judge pronounced some charges and set bail at $10,000.00, but neither the judge nor the Cook County Sheriff Department employees would allow plaintiff to speak or protest that he was not "Jerry Talley" and was being wrongfully detained.  At that time, a falsely sworn intrastate hold affidavit prepared by defendants BLAYDES and ALEXANDER was also filed with the court.

**ANSWER:**     Defendants the City and Alexander admit Alexander prepared an intrastate

hold affidavit.  Defendants the City and Alexander deny the intrastate hold affidavit was falsely

sworn or filed on April 30, 2008.  Defendants the City and Alexander are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.  Defendants Syas, Blaydes, Patton, Williams and Pet are without knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

11

26.     At some point after the video appearance, plaintiff told he could make a phone call at a pay phone, but because plaintiff did not have any change, he could not make any call to obtain outside assistance.  Eventually, plaintiff was able to contact a relative to post his bond.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.


27.     On April 30, 2006, at approximately 8:00 PM to 9:00 PM, plaintiff was released from custody, after spending in excess of 28 hours in wrongful detention.

**ANSWER:**     Defendants deny plaintiff's detention was wrongful to the extent it is

directed to themselves.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.


28.     After his release from custody, plaintiff appeared in court on several occasions. Finally, on or about June 14, 2006, the arrest warrant for "Jerry Talley" was ordered to be quashed and recalled and plaintiff's bond money was returned.  At no time were any charges ever filed against the plaintiff in this case.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.


29.     By reason of the above-described acts and omissions of the defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

**ANSWER:**     Defendants deny the allegations in this paragraph.


30.     The aforementioned acts of the defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:**     Defendants deny the allegations in this paragraph.

31.     Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**     Defendants deny the allegations in this paragraph.

**COUNT I**
**Unconstitutional Stop Claim against Individual Defendants**

32.     Plaintiff Kendale J. Brinson hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

**ANSWER:**     Defendants hereby reassert their answers to paragraphs 1-31, as if set forth

herein in their entirety.

33.     The stop of plaintiff and his vehicle by defendants on April 29, 2006, was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause and was unreasonable.

**ANSWER:**     Defendants deny the allegations in this paragraph.

34.     By reason of the conduct of the defendants, as set forth above, plaintiff Kendale J. Brinson, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**     Defendants deny the allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.


## COUNT II
## <u>False Arrest Claim against Individual Defendants</u>

35.     Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

**<u>ANSWER:</u>**    Defendants hereby reassert their answers to paragraphs 1-31, as if set forth herein in their entirety.


36.     The arrest and detention of Plaintiff was without probable cause and unreasonable.

**<u>ANSWER:</u>**    Defendants deny the allegations in this paragraph.


37.     By reason of the conduct of defendants, as set forth above, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**<u>ANSWER:</u>**    Defendants deny the allegations in this paragraph.


**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### Unconstitutional Search Claim against Individual Defendants

38.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1-31, as if set forth herein  in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1-31, as if set forth

herein in their entirety.

39.    The search of plaintiff's vehicle, as set forth above, was performed without a warrant, without legal cause, and without plaintiff's consent.

**ANSWER:**    Defendants deny the allegations in this paragraph.

40.    By reason of the conduct of defendants, as set forth above, plaintiff Kendale J. Brinson was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor

and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court

deems necessary and proper.

## COUNT IV
### Illegal Detention Claim against Individual Defendants

41.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1-31, as if set forth

herein in their entirety.

42.    Plaintiff was in police custody for in excess of 28 hours, without probable cause and without ever having been permitted to speak to a judge.  This delay in and of itself

constitutes a violation of plaintiff's right to be free from unreasonable seizures.

      **ANSWER:**    Defendants deny the allegations in this paragraph.


      43.     By reason of the conduct of the individual defendants, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. § 1983.

      **ANSWER:**    Defendants deny the allegations in this paragraph.


      **WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.


## COUNT V
## Due Process Claim against Individual Defendants

      44.     Plaintiff Kendale J. Brinson hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

      **ANSWER:**    Defendants hereby reassert their answers to paragraphs 1-31, as if set forth herein in their entirety.


      45.     The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, submitting false police reports, submitting a falsely sworn intrastate hold affidavit to the court, failing to purge stale warrants from all computer data bases, failing to correct or revise computer data bases to prevent repeated unlawful stops, arrests and detentions of plaintiff herein, and otherwise acting to deny plaintiff fair legal proceedings.

      **ANSWER:**    Defendants deny the allegations in this paragraph.

46.    These acts were directed toward plaintiff, were intentional and material, and were in violation of plaintiff's right to due process.

**ANSWER:**    Defendants deny the allegations in this paragraph.


47.    By reason of the conduct of the individual defendants, plaintiff KENDALE J. BRINSON was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.


**WHEREFORE,** defendants respectfully request that judgement be entered in their favor

and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court

deems necessary and proper.


### COUNT VI
### Monell Inadequate Policy Claim against Defendants, DART, officially,
### COOK COUNTY and CITY OF CHICAGO[2]

48.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

**ANSWER:**    The City hereby reasserts its answers to paragraphs 1-31, as if set forth

herein in their entirety.


49.    Defendants DART, as Sheriff of Cook County, Illinois, COOK COUNTY and CITY OF CHICAGO are responsible for establishing, maintaining, validating, auditing, processing, reporting, relaying, purging and correcting information contained in certain computer databases used by all law enforcement agencies in the State of Illinois with respect to outstanding

---

[2] Defendants Syas, Blaydes, Patton, Alexander, Williams, and Pet make no answer to the allegations contained in this count as it is directed against defendants Dart, Cook County, and the City.

warrants for the arrest of citizens of this State.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the

City.  The City is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph.


50.    Defendant DART, as Sheriff of Cook County, Illinois, COOK COUNTY, and
CITY OF CHICAGO, have express official policies and/or practices so permanent and well-
settled as to constitute a custom or usage with the force of law which are deliberately indifferent
to their duty to adequately and timely maintain and revise warrant computer database systems so
as to prevent the arrest and detention of persons on warrants that are invalid and/or incorrect; to
adequately design warrant computer database systems that allow for modification of entry data
with respect to aliases, in order to protect individuals wrongfully and repeatedly arrested or
detained based on incomplete data maintained in said systems; and to have proper validation,
auditing and modification procedures for all warrant computer databases.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the

City.  The City is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph.

.

51.    The 1996 misdemeanor warrant for the arrest of "Jerry Talley" was still on the
Sheriff of Cook County, COOK COUNTY, and CITY OF CHICAGO computer databases used
by the Defendant officers of the Chicago Police Department on April 29, 2006, to arrest and
detain the plaintiff herein, and, despite the numerous previous detentions of plaintiff as a result of
said warrant, and despite defendants' knowledge of the incomplete and inaccurate information
contained in the computer databases with respect to that warrant, the computer databases
maintained by said defendants had never been purged, corrected, revised or modified in any
respect.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the

City.  The City is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph.


52.    The insults and injuries to plaintiff of April 29, 2006, would not have occurred if

defendants' respective express policies or custom and usage did not exist, and said policies and customs were a proximate cause of the injuries to plaintiff.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

53.    By reason of the conduct of Defendants Dart, officially, COOK COUNTY, and CITY OF CHICAGO, plaintiff was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## COUNT VII
### Monell Failure to Train or Supervise Claim against Defendants DART, officially, COOK COUNTY and CITY OF CHICAGO[3]

54.    Plaintiff KENDALE J. BRINSON hereby realleges paragraphs 1 - 31, as if set forth herein in their entirety.

**ANSWER:**    The City hereby reasserts its answers to paragraphs 1-31, as if set forth

---

[3] Defendants Syas, Blaydes, Patton, Alexander, Williams, and Pet make no answer to the allegations contained in this count as it is directed against defendants Dart, Cook County, and the City.

herein in their entirety.

55.    Defendant DART, as Sheriff of Cook County, Illinois, COOK COUNTY, and CITY OF CHICAGO, at all times relevant hereto, had a policy or custom of inadequate training or supervision of employees amounting to deliberate indifference to the rights of citizens pertaining to outstanding arrest warrants.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

56.    The insults and injuries of April 29, 2006, would not have occurred if defendants' respective express policies or custom and usage did not exist.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

57.    Plaintiff's injuries would not have occurred if defendants' employees had been adequately and properly trained to submit information for inclusion in defendants' warrant computer databases whenever wrongful stops, arrests or detentions occurred as a result of inaccurate or incomplete information contained in said databases.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

58.    By reason of the conduct of defendants DART, officially, COOK COUNTY, and CITY OF CHICAGO, plaintiff was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefor, said defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    The City denies the allegations in this paragraph as they are directed to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

### 12(b)(6) DEFENSES

1.    Plaintiff's Fifth Amendment Claims should be dismissed because defendants are not "federal" actors.  It is well established that Fifth Amendment protections are applicable to federal, not state action.  *Monitor v. City of Chicago,* 653 F. Supp. 1294, 1299 (N.D. Ill. 1997). In his First Amended Complaint, plaintiff properly alleges that defendants were acting under color of state law.  Thus, because plaintiff's First Amended Complaint does not concern any "federal" action taken by defendants, their Fifth Amendment claims must be dismissed.

2.    To the extent plaintiff is claiming a separate cause of action for "illegal detention" outside of the context of their claims for false arrest, those claims should be dismissed.  "Illegal detention" does not constitute a cause of action under 42 U.S.C. § 1983 independent from claims for false arrest.

### AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102.

2.      To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

3.      Under Illinois Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party.  745 ILCS 10/2-102.

4.      Defendants are not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.      To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7.      The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff.  745 ILCS 10/2-109.

8.      The City is not liable under Section 1983 if plaintiff does not prove any violation of his constitutional rights.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

9.      Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not vicariously liable under section 1983 for its employees'

misconduct.

10.     Defendants are entitled to qualified immunity.  They are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged above, a reasonable police officer, objectively viewing the facts and circumstances that confronted these defendants, could have believed their actions to be lawful, in light of  clearly established law and the information the defendants possessed.

11.     Under the Tort Immunity Act, the defendants are not liable for injuries arising out of the exercise of discretionary acts.  745 ICS10/2-201.

12.     Under the Tort Immunity Act, defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  754 ILCS 10/2-208.

13.     Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his/her failure to enforce any law.  746 ILCS 10/2-205.

14.     Defendants are not liable for any of plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209.

## Jury Demand

Defendants  request a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:     /s/ Helen C. Gibbons
        HELEN C. GIBBONS
        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541 Office
(312) 744-3989 Fax
Attorney No.  06292881

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on **July 8, 2008**, she electronically filed the foregoing **Defendants' Joint Answer, Defenses, and Jury Demand To Plaintiff's First Amended Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this matter registered to receive notice through the CM/ECF system.

By:    <u>/s/ Helen C. Gibbons</u>
        HELEN C. GIBBONS